IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,610-02




EX PARTE KENNETH WAYNE BELL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C34388-CR IN THE COUNTY COURT AT LAW
FROM NAVARRO COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to forty-three years’ imprisonment. 
            Applicant contends that counsel failed to file a notice of appeal. The trial court made
findings of fact and conclusions of law and recommended that we grant Applicant an out-of-time
appeal. The record is not adequate to resolve Applicant’s claim. There is no response from counsel
in the record, and before being found ineffective, counsel should have the opportunity to respond. 
See Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order counsel to respond to
Applicant’s claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing counsel’s response, the trial court shall make further findings of fact and
conclusions of law as to whether Applicant was denied his right to a meaningful appeal because
counsel failed to file a notice of appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
Filed:  January 15, 2014
Do not publish